**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TRAVIS L. SIEBERT,

    Defendant - Appellant.

No. 19-3267
(D.C. No. 6:11-CR-10098-EFM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HOLMES**, and **EID**, Circuit Judges.
_____

Travis Siebert was ordered to pay restitution as part of his 2012 criminal judgment. After making payments for several years, he asked the district court for a full payoff amount and promptly charged that amount on a credit card. But the alleged payoff amount was incorrect (it was short some $377 in interest). When Mr. Siebert was unable to gain any assurance that his restitution obligation would be considered paid in full, he initiated a dispute with his credit card company.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The district court held a hearing and determined that Mr. Siebert's payment should be considered an accord and satisfaction. It entered an order (Doc. 131) declaring that the restitution obligation was satisfied in full. But then, notified of the credit card dispute, the district court issued a second order (Doc. 133) declaring Doc. 131 to be null and void. Mr. Siebert appeals from Doc. 133.

While this appeal was pending, the credit card company transmitted the funds to the district court. The government therefore has conceded that Doc. 131 should be reinstated and has requested this court remand the matter to the district court for such reinstatement. While Mr. Siebert agrees that Doc. 131 should be reinstated, he also complains that the district court is biased, and he attempts to challenge the validity of his underlying 2012 conviction.

Mr. Siebert's complaints of bias rest on various adverse rulings by the district court, some dating back to the original criminal case, as well as his own suspicion and innuendo. But such allegations are insufficient to establish bias or prejudice warranting recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *United States v. Cooley*, 1 F.3d 985, 993-94 (10th Cir. 1993). Further, the instant appeal arises out of post-conviction orders concerning the payment of restitution. Mr. Siebert's complaints about his underlying conviction go far beyond the scope of this appeal, and we decline to consider them.

Doc. 133 is vacated, and this matter is remanded to the district court with instructions to reinstate Doc. 131.  The government's separate motion to remand the case is denied as moot.

Entered for the Court


Allison H. Eid
Circuit Judge